IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| INTERNATIONAL LEASING & RENTAL | : | CIVIL ACTION |
| CORP., d/b/a BUDGET RENTAL CAR, | : | |
| ST. THOMAS | : | No. 08-40 |
|     v. | : | |
| KENN GANN, et al. | : | |
| | : | |
| CENTRAL AUTOMOTIVE GROUP | : | |
| GEORGIA LLC, d/b/a WAYCROSS | : | |
| CHRYSLER DODGE, | : | |
|        Cross-Claimant | : | |
|     v. | : | |
| HENRY FISCHER | : | |
|       Cross-Defendant | | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                    **March 23, 2010**

Plaintiff International Leasing & Rental Corp. (ILRC), as the prevailing party in this action, asks this Court to award it attorney's fees pursuant to 5 V.I.C. § 541 and Federal Rule of Civil Procedure 54. Defendant Central Automotive Group Georgia (CAGG) opposes the motion, arguing ILRC unnecessarily prolonged this litigation. In the alternative, CAGG asks for a reduction of any fee award because it was found only partially liable to ILRC.

The Court concludes ILRC is entitled to an award of reasonable and fair attorney's fees in the amount of $127,874.82 and costs of $3,791.86.

**FACTS**

This case involved the sale of 32 used Jeep Wrangler automobiles by ILRC to Defendants CAGG and Henry Fischer. On March 19, 2008, ILRC filed a complaint against Defendants for breach of contract and unjust enrichment, alleging it did not receive payment for 16 Jeep Wrangler automobiles. Fischer did not appear to defend himself, and default was entered against him on July

1, 2008.[1] CAGG, however, answered the complaint on June 12, 2008, denying liability and claiming Fischer was not authorized to act on its behalf.

On May 27, 2009, CAGG's counsel sought to withdraw from this matter, stating CAGG had ceased its business operations and asked counsel to stop defending this action. ILRC opposed this motion because business corporations generally cannot appear pro se in the Virgin Islands. *See Ryan's Restaurant, Inc. v. Lewis*, 949 F. Supp. 380, 383 n.4 (D.V.I. 1996). On March 28, 2009, this Court scheduled a hearing for June 1, 2009, to determine whether default judgment could be entered against CAGG. Upon learning CAGG would contest the default judgment, ILRC requested an extension of time to prepare. On June 1, 2009, this Court denied counsel's motion to withdraw and issued a Scheduling Order setting a trial date of December 1, 2009.

On December 15, 2009, after a full trial on the merits, a jury found Fischer liable for $110,600 for breach of contract. The jury also found CAGG had been unjustly enriched and was liable for $135,600 in restitution. On January 4, 2010, this Court reduced the award against CAGG and entered judgment against CAGG for $107,900 and against Fischer for $110,600.

**DISCUSSION**

The Virgin Islands has authorized courts to award to any prevailing party in a civil action costs and fees the party incurred in prosecuting or defending the action. *See* 5 V.I.C. § 541(b) (stating "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto"). The purpose of § 541 is to indemnify the prevailing party, and "the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Bedford v. Pueblo Supermarkets of St. Thomas,*

---

[1] An additional defendant, Ken Gann, was voluntarily dismissed from this litigation by ILRC.

*Inc.*, No. 77-235, 18 V.I. 275, 278, 1981 U.S. Dist. LEXIS 9369, at *3 (D.V.I. Jan. 22, 1981). A "prevailing party" under § 541 is "one in whose favor a decision or verdict is rendered and a judgment is entered." *Melendez v. Rivera*, 24 V.I. 63, 65 (Terr. Ct. 1988) (citing *Ingvoldstad v. Kings Wharf Island Enters., Inc.*, 20 V.I. 314 (D.V.I. 1983), *aff'd*, 734 F.2d 5 (3d Cir. 1984)). The decision whether to award fees is within the court's discretion. *Jo-Ann Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.*, No. 1989-106, 1995 WL 78299, at *4 (D.V.I. Feb. 9, 1995); *see also Bedford*, 18 V.I. at 277 ("Both the decision to make such an award and the amount to be awarded are within the court's discretion.").

Although ILRC was the prevailing party at trial, CAGG asks this Court to exercise its discretion to deny attorney's fees because ILRC unreasonably abandoned the opportunity to obtain a default judgment on June 1, 2009. This argument ignores the fact CAGG decided to contest the default judgment only days before the scheduled hearing. Indeed, CAGG admits it instructed its counsel to contest the entry of a default judgment. Def.'s Br. in Opp. to Pl.'s Motion for Att'y's Fees, at 2 n.1 (explaining that after the denial of counsel's motion to withdraw, CAGG decided "since its counsel had to remain in the litigation anyway, it might as well resume an active defense rather than have its counsel sit in the courtroom like a potted plant"). ILRC cannot be held responsible for CAGG's last-minute decision to resume an active defense. Therefore, an award of attorney's fees is proper.

Once a court determines attorney's fees shall be awarded, it must then determine what constitutes a reasonable attorney's fee for a given matter. The presumptively reasonable "lodestar" rate consists of the hours worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983); *Jo-Ann's Launder Ctr.*, 1995 WL 78299, at *4-5. After conducting this calculation, a court may then adjust the amount to "take into account any other relevant factors that

are not already adequately represented in the lodestar calculation." *Equivest St. Thomas, Inc. v. Gov't of the V.I.*, No. 2001-155, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004). A court may also reduce a fee award if a bill includes an excessive amount of time to perform a task or contains duplicative entries. *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 422 (3d Cir. 1993).

CAGG generally objects to the amount of attorney's fees requested by ILRC, arguing the total amount is unreasonable because it exceeds the amount billed by CAGG's counsel by $50,940.82.[2] CAGG does not argue the rates charges by ILRC are unreasonable, and such an argument would be fruitless. ILRC's requested fees are based on counsel's usual billing rates of $125-300 per hour,[3] which are in accord with customary and prevailing market rates in the Virgin Islands for similar services. *See, e.g.*, *Equivest*, 2004 WL 3037953, at *8 (finding similar billing rates of up to $300 per hour reasonable).

CAGG also does not point to any specific billing entries to show ILRC spent an unnecessarily large number of hours performing legal work. After review of its counsel's bill, this Court finds nothing excessive, redundant, unnecessary, or otherwise objectionable in the attorney's fees submitted by ILRC. The vast majority of fees were incurred during counsel's preparation for trial, a trial necessitated by CAGG's refusal to confess judgment. Regarding any other factors which could impact the fee award, this Court notes this was not a legally complex case. However, because CAGG contested numerous factual issues related to its relationship with Fischer and Gann, extensive

---

[2] ILRC alleges its counsel spent $140,983.75, minus a "courtesy discount" of $13, 108.93, for a total fee award of $127,874.82. *See* Affirmation of William Glore in Supp. of Att'y's Fees (Jan. 19, 2010) [hereinafter, "Glore Affirmation"]. In contrast, CAGG's attorney's fees totaled $76,934. *See* Affirmation of Michael Fitzsimmons (Feb. 1, 2010).

[3] The paralegal work on this case was billed at $125 per hour; the vast majority of attorney time was billed at a rate of $275 per hour–the same rate billed by CAGG's counsel. *See* Glore Affirmation.

discovery was needed for ILRC to prove its case at trial. Furthermore, the parties and witnesses were located in different states and were difficult to contact, and CAGG's refusal to fully cooperate with ILRC undoubtedly drove up the costs of locating some of these people. Therefore, ILRC is entitled to receive the full amount of its attorney's fees.

The bulk of the costs claimed by ILRC are valid under 5 V.I.C. § 541(a), which allows the award of costs related to depositions, service of process, and copying documents used at trial. However, costs related to overhead cannot be compensated under § 541(a), and courts have held computerized legal research falls into this category. *See Morcher v. Nash*, 32 F. Supp. 2d 239, 243 (D.V.I. 1998) ("Since computerized legal research differs from traditional research only in the mode of retrieval, and attorneys routinely purchase research materials as part of overhead, the Court will not treat computer research charges as compensable costs under § 541(a)."). Therefore, ILRC's award of costs will be reduced by $415.82, the amount its counsel billed for Westlaw research. The remainder of ILRC's costs are allowable.

CAGG's remaining contention that co-defendant Fischer is required to pay a proportionate share of fees and costs is without merit. Because Fischer did not appear to defend himself, his actions did not require ILRC to undergo the expense of a trial. CAGG alone bears responsibility for the fees and costs ILRC incurred in this case.

After full consideration of the record of the proceedings in this action, the Court concludes the attorney's fees sought by ILRC are fair and reasonable, and the Court approves an award of $127,874.82 in attorney's fees and $3,791.86 in costs to ILRC. An appropriate order follows.

BY THE COURT:

_/S/_Juan R. Sánchez_____
Juan R. Sánchez, J.

cc:     William J. Glore, Esq.
        John H. Benham, III, Esq.
        Michael E. Fitzsimmons, Esq.